UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PADDOCK,<br><br>            Petitioner,<br><br>    vs.<br><br>JAMES D. HARTLEY,<br><br>            Respondent. | Case No. SACV 10-1277-JVS (RNB)<br><br>ORDER TO SHOW CAUSE |

     In light of the Supreme Court's just-issued decision in Swarthout v. Cooke, - U.S. -, 2011 WL 197627 (U.S. Jan. 24, 2011) (per curiam), petitioner is ordered to show cause in writing, on or before February 25, 2011, why the Court should not recommend the denial of the Petition and the dismissal of this action with prejudice.

     In the Supreme Court decision, the Supreme Court reversed Cooke v. Solis, 606 F.3d 1206, 1213 (9th Cir. 2010), and rejected the Ninth Circuit's position on the standard of review applicable to California parole denials. It held that, even if a California prisoner has a state-created liberty interest in parole, the only federal due process to which a California prisoner challenging the denial of parole is entitled is the minimal procedural due process protections set forth in Greenholtz v. Inmates of Nebraska Penal, 442 U.S. 1, 16, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979) (i.e., an opportunity to be heard, and a statement of reasons for the denial). See 2011 WL

197627 at *2. The Supreme Court observed that, where the records reflect that the prisoners were allowed to speak at the hearings and to contest the evidence, were afforded access to their records in advance, and were notified as to the reasons why parole was denied, "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry." See id. Under the Supreme Court's decision in Cooke, "it is no federal concern whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." See id. at *3.

     Here, petitioner is not contending that he was denied the minimal procedural due process protections set forth in Greenholtz. Moreover, here as in Cooke, the record reflects that petitioner was allowed to speak at the parole consideration hearing and to contest the evidence, was afforded access to his records in advance, and was notified as to the reasons why parole was denied. While petitioner does contend that the California courts incorrectly applied California's "some evidence" rule, whether the California courts did so is not a federal concern under the Supreme Court's decision in Cooke.

     In light of Cooke, it simply does not appear that the Court has any basis for finding or concluding that petitioner has stated a claim on which federal habeas relief may be granted.

DATED: January 26, 2011

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE